IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN MICHAEL DICKS,

     Plaintiff,

v.                              CASE NO. 4:24cv495-RH-MAF

SHELLY BEARDEN and
CHAPLAIN JOHNSON,

     Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS

     This is a prisoner civil-rights action. The plaintiff alleges the defendants have failed to accommodate his religion-based dietary requirements. The defendants have moved to dismiss on two grounds: first, that the plaintiff failed to disclose in the complaint all his prior lawsuits; and second, that 18 U.S.C. § 3626 categorically prohibits punitive damages in prisoner actions challenging conditions of confinement. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 23, and the objections, ECF No. 24. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that although dismissal is sometimes warranted for failure to disclose prior litigation, that is not so on the facts of this case.

The report and recommendation concludes the punitive-damages issue should be deferred. The issue could perhaps be better presented by a motion to strike, and there may be little chance that punitive damages will be awarded on the alleged facts of this case, even if the plaintiff prevails on the merits. But the defendant is correct that the question whether 18 U.S.C. § 3626 categorically prohibits punitive damages in prisoner conditions-of-confinement cases is a legal question that can be resolved now as reliably as later.

The statute provides:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A).

Statutory definitions make this provision broader than it might otherwise seem. First, "prospective relief means all relief other than compensatory monetary damages." *Id*. 3626(g)(7). Punitive damages are not compensatory monetary damages and are thus included in the definition. Second, "civil action with respect

to prison conditions means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." *Id*. § 3626(g)(2). An action challenging the available prison diet is an action "with respect to the conditions of confinement," and a religiously based challenge deals with the effects of officials' actions on the lives of prisoners. So the statute applies to this action.

The question posed by the defendant's motion, then, is whether punitive damages can ever be "necessary to correct" a conditions-of-confinement violation and can ever be "the least intrusive means necessary to correct the violation." The current law of the circuit settles the question in the plaintiff's favor. In reviewing a punitive-damages award in a case covered by the statute, the Eleventh Circuit noted the "necessary to correct" and "least intrusive means" requirements and said this:

> We think those requirements mean that a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case. They also mean that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so. Many factors may enter into that determination. For example, the number of excessive force violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required to deter future violations.

*Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). The court vacated

the punitive-damages award in that case and remanded for a determination of whether the award met the statutory requirements. The court did *not* say the statute categorically prohibited punitive damages. This was necessarily a holding that punitive damages can sometimes meet the statutory requirements.

A prior decision of this court supports this reading of *Johnson*. *See Watson v. Harris*, No. 1:23-cv-41-AW, 2024 WL 23160, at *1 (N.D. Fla. Jan. 2, 2024) (citing *Johnson* and denying a motion to dismiss a prisoner case's punitive-damages claim based on § 3626); *see also Watson v Harris*, No. 1:23-cv-41-AW, 2023 WL 9058715, at *1–2 (N.D. Fla. Dec. 8, 2023), *report and recommendation adopted*, 2024 WL 23160 (N.D. Fla. Jan. 2, 2024).

This order thus denies the motion to dismiss. This is not a ruling on whether a punitive-damages award will be appropriate on the facts of this case or even on whether the punitive-damages claim will survive summary judgment or make it to a jury.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 23, is accepted in part.

2. The motion to dismiss, ECF No. 19, is denied.

3. The defendants must file an answer within 14 days.

4. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on September 18, 2025.

s/Robert L. Hinkle  
United States District Judge